THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-20343 |
| | ) | |
| DEMOND KEVIN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S AMENDED MOTION FOR RELEASE PENDING TRIAL**

Before the Court is Defendant Demond Kevin Jones' ("Jones") October 4, 2011 Amended Motion for Release Pending Trial. (Am. Mot. for Release of Def. Pending Trial Pursuant to 18 U.S.C. § 3142 and 18 U.S.C. § 3164, ECF No. 126 ("Mot. for Release").) Plaintiff the United States of America (the "Government") responded on October 27, 2011. (Resp. of the United States to Def.'s Am. Mot. for Release of Def. Pending Trial, ECF No. 134 ("Resp.").) For the following reasons, the Court DENIES Jones' Motion.

**I. Background**

On September 11, 2006, a grand jury returned an indictment charging Jones with one count of knowingly possessing more than fifteen unauthorized access devices with intent to defraud, in

violation of 18 U.S.C. § 1029(a)(2) and (3), and one count of knowingly possessing with intent to use unlawfully five or more identification documents, authentication features, or false identification documents, in violation of 18 U.S.C. § 1028(a)(2) and (3). (See Indictment 1-2, ECF No. 1.) Jones was arrested in California on May 12, 2009, and extradited to Tennessee. (Resp. 2.)

Jones has been represented by multiple counsel. He has expressed dissatisfaction with all of them. He has filed a motion to suppress and a supplemental motion to suppress. Both have been denied. Trial is set on January 3, 2012, at 9:30 AM.

**II. Analysis**

Jones argues he should be released pursuant to the Bail Reform Act, 18 U.S.C. § 3142, and the Speedy Trial Act, 18 U.S.C. § 3164.

**A. Jones is Not Entitled to Release Under the Bail Reform Act**

"Under the Bail Reform Act . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). In

deciding whether there are conditions of release that will provide the assurances set out in § 3142, courts consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The Government bears "the ultimate burden [] to prove that no conditions of release can assure that the defendant will appear." Stone, 608 F.3d at 946. "The default position of the law . . . is that a defendant should be released pending trial." Id. Application of 18 U.S.C. § 1342(g) counsels in favor of detaining the Defendant.

The first factor, the nature and circumstances of the offense charged, does not weigh in favor of detention. The Government does not contend that Jones is a violent criminal. Instead, it argues that "the defendant . . . poses a serious and

3

substantial risk of flight" due to a "long and chronicled history of evading arrest, usually by deceit." (Resp. 4.)

The second factor weighs in favor of detention. The weight of the evidence against Jones is strong. The Government intends to introduce numerous false identification cards, credit cards, and credit card applications into evidence. (See Order Adopting Magistrate Judge's Report and Recommendation and Denying Defendant's Supplemental Motion to Suppress, ECF No. 144.) That evidence makes it likely that Jones will be convicted and predisposes him toward flight. Thus, "[t]he weight of evidence against the Defendant is substantial and [] favors pretrial detention." United States v. Diorio, No. 10-MC-50264, 2010 U.S. Dist. LEXIS 19953, at *6 (E.D. Mich. March 5, 2010).

The third factor, Jones' personal history and characteristics, weighs in favor of detention and is dispositive. Although Jones was originally from Western Tennessee, he has not lived here for several years and was arrested in California, where his girlfriend resides. "[Jones] has failed to identify a suitable place for him to reside while out on release," which militates against release. United States v. Mansuryan, No. 10-10060, 2010 U.S. Dist. LEXIS 62605, at *7 (D. Kan. June 22, 2010). Jones has not explained how he would support himself if released. In the absence of "stable employment, [] he has little reason to remain in the area."

4

United States v. Rice, No. 11-344-01, 2011 U.S. Dist. LEXIS 136363, at *14 (E.D. Pa. Nov. 28, 2011).

Jones' character and criminal history establish that he would be able to flee and avoid trial. Jones has admitted that, even after his 2006 indictment, he would "check into hotels using false identification cards and unauthorized access devices." (Resp. 4.) "[He] has a history of using aliases. His access to other people's personal information makes it likely that he could conceal his identity in order to flee." Rice, 2011 U.S. Dist. LEXIS 136363, at *13. "[T]here is strong evidence indicating that he has a practice of engaging in unlawful activity." United States v. Baghdasaryan, No. 10-10060-2-EFM, 2010 U.S. Dist. LEXIS 62050, at *6 (D. Kan. June 22, 2010). Considering the evidence presented and the factors stated in 18 U.S.C. § 3142(g), pretrial detention is warranted in this case.

**B. Jones is Not Entitled to Release Under the Speedy Trial Act.**

"Section 3164 provides that a defendant, who is detained solely because he is awaiting trial, must be released on bond if he is detained for more than ninety non-excludible days prior to the commencement of the trial." United States v. Dunbar, 357 F.3d 582, 592 n.2 (6th Cir. 2004); see 18 U.S.C. § 3164. Eighteen U.S.C. § 3161 protects a defendant's right to a speedy

5

trial, and "§ 3164 ensures that a defendant is not detained too long prior to trial." Dunbar, 357 F.3d at 592 n.2. Section 3164 provides that "[t]he periods of delay enumerated in Section 3161(h) are excluded in computing the time limitation specified in this section." 18 U.S.C. § 3164(b). Most challenges under the Speedy Trial Act arise under Section 3161, not Section 3164. Because the same exclusions apply to both sections, authority addressing the exclusions under Section 3161 is also authority in Section 3164 cases. 18 U.S.C. § 3164(b).

Two types of delay are at issue in Jones' Motion: 1) delay resulting from pretrial motions, which is excluded from the filing of the motion through the disposition of the motion, 18 U.S.C. § 3161(h)(1)(D), and 2) delay resulting from continuances granted by a judge, which is excluded if the continuances serve the ends of justice, 18 U.S.C. § 3161(h)(7)(A).

A court must provide "a clear articulation of the reasons that support an ends-of-justice continuance." United States v. White, 129 F. App'x 197, 201 (6th Cir. 2005). A continuance to allow "new counsel to prepare for trial," id. at 202, serves the ends of justice. White is consistent with § 3161, which provides that a significant factor in deciding an ends-of-justice continuance is whether "failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation." 18 U.S.C.

6

§ 3161(h)(7)(B)(iv); accord United States v. Rector, 598 F.3d 468, 473 (8th Cir. 2010); see also United States v. Medrano, 356 F. App'x 102, 105-06 (10th Cir. 2009) (upholding continuance when defendant's counsel requested additional time to prepare for trial); United States v. Steierhoff, No. 06-0042 ML, 2011 U.S. Dist. LEXIS 138418, at * 20 (D. R.I. Nov. 30, 2011)(finding the need for a continuance for new counsel to prepare a defense "clearly obvious.") (citations omitted).

Fewer than ninety non-excludible days have passed since Jones first appeared in court. An indictment was returned against him on September 12, 2006, and he was arrested on May 12, 2009. (ECF No. 8.) He was arraigned on May 19, 2009. (ECF No. 10.) The ninety-day period began on May 12, 2009. 18 U.S.C. § 3164(b); see also United States v. Tinklenberg, 579 F.3d 589, 593 (6th Cir. 2009) (overturned on other grounds at United States v. Tinklenberg, 131 S. Ct. 2007, 2011 (2011)) (citing United States v. Mentz, 840 F.2d 315, 325-26 (6th Cir. 1988)). On May 19, 2009, Jones requested a continuance to secure a witness, resetting the hearing until May 21, 2009. (ECF No. 10.) At that hearing the Magistrate Judge granted a continuance until June 4, 2009, and the time was excluded until then. (ECF No. 14.) Jones concedes that the arraignment date should be excluded. (Mot. to Release 7.) Seven non-excludible days had passed as of June 4, 2009.

7

On June 26, 2009, Jones requested a continuance to allow additional time to prepare. (ECF No. 21.) By that point twenty-eight days had passed. The Court excluded the time between June 26, 2009, and August 14, 2009, in the interest of justice because of the need for additional time to prepare. (Order of Continuance and Specifying Period of Excludible Delay, ECF No. 24.) On July 24, 2009, Jones again requested a continuance to allow additional time to prepare (ECF No. 27), and the Court granted his request, excluding the time between July 24, 2009, and September 18, 2009. (Order on Continuance and Specifying Period of Excludible Delay, ECF No. 27.) Jones requested additional extensions, which the Court granted, excluding time for the reasons stated. (Order on Continuance and Specifying Period of Excludible Delay, ECF No. 29; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 33; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 36; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 40; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 45; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 48; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 50; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 53.; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 63.) Jones' case

was continued and the time excluded until November 12, 2010, to allow additional time to prepare. (Order on Continuance and Specifying Period of Excludible Delay, ECF No. 73.)

The time between November 12, 2010, and November 19, 2010, is excludible because a motion to suppress (ECF No. 56) was pending, which was not decided until May 9, 2011. (Order Adopting Magistrate Judge's Report and Recommendation and Denying Def.'s Mot. to Suppress, ECF No. 103 ("Order on First Mot. to Suppress")); Tinklenberg, 131 S. Ct. at 2011.

Jones moved for a continuance on January 25, 2011, and the Court excluded the period between November 19, 2010, and February 18, 2011. (Order on Continuance and Specifying Period of Excludible Delay, ECF No. 89.) Jones sought several more continuances, and the time was ultimately excluded through December 2, 2011.[1] (Order on Continuance and Specifying Period of Excludible Delay, ECF No. 94; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 101; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 107; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 111; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 120; Order on Continuance and Specifying Period of Excludible Delay, ECF No. 139.) On

---

[1] At Jones' July 22, 2011 Report Date, the Court excluded the time between July 22, 2011, and September 16, 2011, because he requested additional time to prepare for trial. (Report Date Minutes, ECF No. 115.)

9

November 28, 2011, Jones' case was set for trial on January 3, 2012, and time was excluded through January 13, 2012. (ECF No. 143.) As of the date of this Order, only twenty-eight days have passed that were not excludible under the Speedy Trial Act.

Jones argues that a pending pretrial motion does not necessarily toll the Speedy Trial Act. That argument has been foreclosed by the Supreme Court. In Tinklenberg, the court rejected the argument that "a pretrial motion must actually cause a delay, or the expectation of a delay . . . to create an excludible time." (Mot. for Release 4.) The court warned of the "administrative difficulties" that would ensue if pretrial motions did not toll the clock. Tinklenberg, 131 S. Ct. at 2015. It held that filing a pretrial motion tolls the Speedy Trial Act "irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." Id.; Accord Bloate v. United States, 130 S. Ct. 1345, 1353 (2010) (holding that filing a pretrial motion tolls the Speedy Trial Act). Jones' motion illustrates the difficulties that troubled the court in Tinklenberg. If the Court had not continued the case to determine whether Jones' Fourth Amendment rights had been violated, the parties would have proceeded to trial, leading to the possibility of errors, retrials, and other problems that "exact a toll in terms of the fairness of and confidence in the criminal justice system." Tinklenberg, 131 S. Ct. at 2015.

Jones argues that "granting a motion for an extension of time [does not] automatically toll[] the running of the clock, even if the defendant requests the continuances." (Mot. for Release 4.) Jones is correct that a district court may not simply toll the Speedy Trial Act, even if the defendant requests an extension of time, see Zedner v. United States, 547 U.S. 489, 506-07 (2006). In this case, however, the Court has stated its reasons in open court and in its orders. The interests of justice required allowing Jones' counsel time to prepare for trial. Jones has a constitutional right to counsel. U.S. Con. Amend. VI. Granting counsel's request for additional time to prepare was necessary to safeguard that right.

Jones next contends that no time should be excluded between December 30, 2009, and February 19, 2010. (Mot. for Release 5.) He argues that the time "the second [] counsel was to be appointed [should be excluded because] the trial judge did not make any reference to the time being excluded nor did the government address such issues." (Id. 5.) The Court excluded the time at the request of Jones' counsel and stated its reason. (Order on Continuance and Specifying Period of Excludible Delay, ECF No. 40.) The need to give Jones' new counsel time to prepare is obvious. Jones' new counsel had no knowledge of the case and needed time to prepare. "[F]ailure to grant such a continuance . . . would deny counsel for the defendant . . . the

reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv).

Jones argues that, although his attorney appeared on January 5, 2010, Jones "did not know that counsel ha[d] been appointed until February 6, 2010." (Mot. for Release 5-6.) Jones asserts that the Court "disposed of the only pretrial motion on December 29, 2009." (Id.) Jones acknowledges that the Court "had a basis to grant an end of justice continuance because [he] was not represented by counsel." (Id. 6.) Jones requested new counsel on December 23, 2009. (ECF No. 37.) The Court appointed new counsel, Jeff Woods, who appeared on January 5, 2010. Jones argues that there was no basis to exclude time because there were no pretrial motions, but Jones' counsel needed time to decide whether to file pretrial motions and to gain knowledge of the case. Jones' approval of a continuance is not necessary. "[W]here an attorney seeks a continuance without the client's approval . . . the Speedy Trial Act 'does not require a defendant's continuance' for a judge to be able to grant a motion in furtherance of the ends of justice." United States v. Stewart, 628 F.3d 246, 254 (6th Cir. 2010) (quoting United States v. Sobh, 571 F.3d 600, 603 (6th Cir. 2009)).

Jones next asserts that the period between June 24, 2011, and July 22, 2011, should not have been excluded. He argues that the only basis for exclusion was counsel's "last minute

12

notice to the trial court of a conflict of interest because of his relationship with one of the alleged victim[s]." (Id. 6-7.) That argument is not persuasive. Jones has a Sixth Amendment right to "representation that is free from conflicts of interest." Wood v. Georgia, 450 U.S. 261, 271 (1981). The right to counsel free from conflicts of interest is so fundamental that courts assume that a defendant was prejudiced if there was a conflict. See Rugiero v. United States, No. 90-80941-01, 2004 U.S. Dist. LEXIS 16574, at *36 (E.D. Mich. April 30, 2004) (citing United States v. Cornic, 466 U.S. 648, 662 n. 31 (1984)). "Where there is a conflict of interest, counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties." United States v. Hall, 200 F.2d 962, 965 (6th Cir. 2000) (quotation omitted). To protect Jones' Sixth Amendment rights, the Court allowed Jones' counsel to withdraw and a new attorney was appointed. Delay was necessary to appoint a new attorney and to allow that attorney to familiarize himself with Jones' case. (Order on Continuance and Specifying Excludible Delay, ECF No. 111.) Allowing an attorney to withdraw due to a conflict of interest and allowing a new attorney to prepare his client's defense serves the ends of justice.

Jones next contends that there have been "five different occasion[s] in which he was not brought before the district

13

court for scheduled report dates" because his counsel, Jeff Woods, requested continuances and Jones did not sign waivers of appearance. (Id. 7.) He asserts that he was "not allowed to participate in the judicial proceeding in this case starting 11-19-2010 until 5-27-2011 . . . [H]e ha[d] nothing to do with or was not aware of any of the action taking [place] during this period." (Id. 8.) Jones' argument is unavailing.

Jones' consent is not required for a motion to continue. The statute explicitly states that continuances may be granted "at the request of the defendant or his counsel," and that the court should grant a motion to continue if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Jones is not entitled to object to a continuance that the Court, in "its wide range of discretion," found served the ends of justice. Stewart, 628 F.3d at 254; see also id. (finding defendant's lack of consent to motion to continue irrelevant). Under the statute, Jones is bound by the actions of his counsel.

The days at issue are also excludible because the Court was considering Jones' Motion to Suppress during this period. Jones filed his motion on July 26, 2010. (Mot. to Suppress the Sept. 21, 2005 Warrantless Search of Evidence Seized from the Premises of 1961 Rembert Place and Warrantless Search of Evidence Seized

14

from Def.'s Vehicle in Violation of the Fourth Amendment, ECF No. 56.) The Court decided Jones' suppression motion on May 9, 2011. (Order on First Mot. to Suppress.) For the majority of the time, Jones was seeking the suppression of evidence. The filing of a pretrial motion suspends the calendar until the motion is ruled on, "irrespective of whether it actually causes, or is expected to cause, delay." Tinklenberg, 131 S. Ct. at 2011. The remaining time is excluded because Jones requested and was granted a continuance on April 20, 2011, to "allow for disposition of the pending motion to suppress." (Order on Continuance and Specifying Period of Excludible Delay, ECF No. 101.) The time was properly excluded.

Jones contends that a court may not establish a "period of delay resulting from continuance [] unless the court[] set[s] forth [] its reasons for its finding." (Mot. for Release 4.) "{Jones] is hardly in a position to complain about the delay because he was the one who asked for it." United States v. Larson, 417 F.3d 741, 746 (7th Cir. 2005). "The [Speedy Trial] Act was certainly not meant . . . to permit opportunistic behavior by defendants who request continuances for their benefit and then seek to have the accompanying delay count against [the statutory] limit." Id.

In fact, the Court has set forth its reasons in repeated orders and in open court, as the record amply demonstrates. See

Zedner, 547 U.S. at 506-07 (requiring courts to set forth, either orally or in writing, their reasons for finding that the ends of justice are served by continuance). The Court granted Jones' continuances in part because Jones has had several different attorneys, all of whom needed time to prepare his defense and acquaint themselves with his case. It was in the interest of justice to grant Jones' counsel time to defend him adequately, and he may not now use the Speedy Trial Act "as a sword and a shield." United States v. Keith, 42 F.3d 234, 239 (4th Cir. 1994); accord Rector, 598 F.3d at 473 (upholding district court's continuance when the district court found continuance would allow a defendant to retain new counsel and provide the new counsel with time to prepare for trial); United States v. Sabino, 472 F.3d 1053, 1063-64 (6th Cir. 2001) (upholding district judge's continuance when the district court "referred back to its previous oral and written orders" to find that the ends of justice mandated continuance).

Jones relies on Melendez-Carrion v. U.S., 790 F.2d 984, 996 (2d Cir. 1986). Melendez-Carrion does not support Jones' argument. It states that "§3164(b) . . . specifically provides that the periods of delay enumerated in [§] 3161(h) are excluded in computing the time limit set by section 3164(b)." Id. Melendez-Carrion applied general, well established law. Accord United States v. Simpson, 408 F. App'x 830, 832 (5th Cir. 2011);

United States v. Davidson, 2009 U.S. Dist. LEXIS 39941, at *4-5 (E.D. Tenn. May 12, 2009).

The interests of justice, notably assuring that Jones' counsel had the time to prepare they needed and requested and that his motions to suppress could be heard and decided properly, led the Court to grant his motions to continue. Jones may not use the Court's solicitude for his constitutional rights to argue that he should be released under 18 U.S.C. § 3164.

**III. CONCLUSION**

For the foregoing reasons, Jones' Motion is DENIED.

So ordered this 16th day of December, 2011.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE